# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC, *Plaintiff*, v. ADVANCED MICRO DEVICES, INC., *Defendant*. | Case No. 7:25-CV-00182-DC-DTG |

## DEFENDANT ADVANCED MICRO DEVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Advanced Micro Devices, Inc. ("AMD"), submits its Answer and Affirmative Defenses in response to Plaintiff Redstone Logics LLC's ("Redstone") Complaint (No. 7:25-CV-00182, Dkt. 1), filed on April 18, 2025.

Except as specifically admitted herein, AMD denies each and every allegation of the Complaint. To the extent that any allegations of the Complaint refer to or rely upon information not previously supplied to AMD, AMD is without information sufficient to admit or deny such allegations, the specific facts and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts.

AMD reserves the right to amend or supplement its Answer, to take further positions, and to raise additional defenses based on additional facts or developments that become available or arise during discovery in this action.

For ease of reference, AMD has included the headings from Redstone's Complaint. The inclusion of these headings is not an admission by AMD and to the extent that any heading or other non-numbered statement in Redstone's Complaint contains or implies any allegations, AMD denies each and every allegation therein.

The numbered paragraphs herein correspond to and respond to the numbered paragraphs set forth in the Complaint. The first, non-numbered paragraph of the Complaint contains an introductory paragraph to which no responsive pleading is required. To the extent a response is deemed necessary, AMD denies that it has committed patent infringement and further denies Redstone is entitled to any relief from AMD.

## THE PARTIES

**Complaint No. 1:** Plaintiff Redstone Logics LLC is a limited liability company organized under the laws of the State of Texas, with an address at 2150 S. Central Expressway, Suite 200, McKinney, TX 75070.

**Answer to Complaint No. 1:** AMD lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies the same.

**Complaint No. 2:** On information and belief, Defendant Advanced Micro Devices, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 2485 Augustine Drive, Santa Clara, California 95054. Defendant may be served with process through its registered agent, C T Corporation System 1999 Bryan St., Suite 900, Dallas, TX 75201.

**Answer to Complaint No. 2:** AMD admits that it is a corporation organized under the laws of the State of Delaware and has a place of business in Santa Clara, CA. AMD also admits that it maintains as its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201. AMD denies the remaining allegations in paragraph 2.

## JURISDICTION AND VENUE

**Complaint No. 3:** This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Answer to Complaint No. 3:** AMD admits the Complaint purports to be a civil action for infringement under the patent laws of the United States, but denies any liability related to the Complaint. The remaining allegations in paragraph 3 contain legal conclusions that require no answer. To the extent an answer in required, based solely on the allegations in the Complaint, AMD does not contest subject-matter jurisdiction in this district in this case. AMD denies the remaining allegations in paragraph 3.

**Complaint No. 4:** This Court has personal jurisdiction over Defendant in this action because Defendant has established minimum contacts with the United States as a whole, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendant has purposefully directed activities at the United States, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales. Defendant has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent. Defendant, directly and through subsidiaries, intermediaries, and third parties, has committed and continues to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patent.

**Answer to Complaint No. 4:** The allegations in paragraph 4 contain legal conclusions that require no answer. To the extent an answer in required, based solely on the allegations in the

Complaint, AMD does not contest personal jurisdiction in this district in this case. AMD denies the remaining allegations in paragraph 4.

**Complaint No. 5:** Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Defendant has regular and established places of business in this District including offices at 1340 Airport Commerce Drive, Austin, Tx 78741, 7000 West William Cannon Drive Austin, Texas, 78735, 7171 Southwest Parkway Austin, Texas 78735, and 12301 Research Blvd., Suite 300 Austin, Texas 78759.

**Answer to Complaint No. 5:** AMD admits that it has places of business in Austin, TX. The remaining allegations in paragraph 5 contain legal conclusions that require no answer. To the extent an answer in required, based solely on the allegation in the Complaint, AMD does not contest venue in this district in this case. AMD denies the remaining allegations in paragraph 5.

## COUNT 1
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,549,339

**Complaint No. 6:** Redstone incorporates by reference each of the allegations in the preceding paragraphs and further alleges as follows:

**Answer to Complaint No. 6:** AMD repeats and incorporates by reference its responses to the allegations of paragraphs 1-5 of the Complaint as if fully set forth herein.

**Complaint No. 7:** Redstone is the owner of U.S. Patent No. 8,549,339 entitled "Processor core communication in multi-core processor," which issued on October 1, 2013. A copy of the '339 Patent is attached to this complaint as Exhibit 1.

**Answer to Complaint No. 7:** AMD admits that United States Patent No. 8,549,339 (the "'339 Patent") is titled "Processor Core Communication in Multi-Core Processor," and that it issued on October 1, 2013. AMD also admits that a document that purports to be a true and correct copy of the '339 Patent is attached to the Complaint as Exhibit 1. AMD lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Redstone is the owner of the '339 Patent and therefore denies the same.

**Complaint No. 8:** On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Instrumentalities"), including products comprising one or more SoC each comprising two or more sets of processors implementing a Zynq UltraScale+ Device architecture (or similar architecture), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '339 Patent.

**Answer to Complaint No. 8:** AMD admits that it offers the Zynq UltraScale+. The remaining allegations in paragraph 8 contain legal conclusions that require no answer. To the extent an answer in required, AMD denies the allegations in paragraph 8.

**Complaint No. 9:** Defendant also knowingly and intentionally induces infringement of one or more claims of the '339 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Defendant has had knowledge of the '339 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '339 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through engineering documents for customers that integrate the Accused Products into consumer devices, and through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '339 Patent. Furthermore, Defendant offers the Accused Instrumentalities in a form and configuration such that customers and end

users will perform the claimed method automatically by using the Accused Instrumentalities "out of the box" in their ordinary way. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '339 Patent, thereby specifically intending for and inducing its customers to infringe the '339 Patent through the customers' normal and customary use of the Accused Instrumentalities.

**Answer to Complaint No. 9:** The allegations in paragraph 9 contain legal conclusions that require no answer. To the extent an answer in required, AMD admits that the filing and service of the Complaint provided AMD notice of the '339 patent but AMD denies the remaining allegations in paragraph 9.

**Complaint No. 10:** Defendant has also infringed, and continues to infringe, one or more claims of the '339 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '339 Patent, are especially made or adapted to infringe the '339 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendant has been, and currently is, contributorily infringing the '339 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

**Answer to Complaint No. 10:** AMD denies the allegations in paragraph 10.

**Complaint No. 11:** The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '339 Patent. A claim chart comparing independent claim 1 of the '339 Patent to representative Accused Instrumentalities is attached as Exhibit 2 and incorporated by reference herein.

**Answer to Complaint No. 11:** AMD admits that a document purporting to be a claim chart is attached as Exhibit 2. AMD denies the remaining allegations in paragraph 11 and Exhibit 2.

**Complaint No. 12:** By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and is liable for infringement of the '339 Patent pursuant to 35 U.S.C. § 271.

**Answer to Complaint No. 12:** AMD denies the allegations in paragraph 12.

**Complaint No. 13:** As a result of Defendant's infringement of the '339 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

**Answer to Complaint No. 13:** AMD denies that Redstone is entitled to any relief sought in paragraph 13. AMD denies the remaining allegations in paragraph 13.

## JURY TRIAL DEMANDED

**Complaint No. 14:** Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Redstone requests a trial by jury of any issues so triable by right.

**Answer to Complaint No. 14:** AMD need not admit nor deny the allegations in paragraph 14. To the extent that Redstone's jury demand is deemed to require a response, AMD admits that the Complaint contains a request for a jury trial. AMD denies that Plaintiff is entitled to a jury on any claim that requests equitable remedies, for which no jury is required.

## PRAYER FOR RELIEF

These paragraphs (A)-(F) set forth Redstone's statement of requested relief, to which no response is required. AMD denies that Redstone is entitled to any relief in this action, as requested in paragraphs (A)-(F) of Redstone's Prayer for Relief or otherwise.

## ADDITIONAL DEFENSES

As additional, separate, and other defenses to the Complaint asserted against AMD, AMD states as follows without assuming the burden of proof on matters where it has no such burden. In doing so, AMD specifically reserves the right to restate, re-evaluate, or recall any defenses.

## FIRST DEFENSE – NON-INFRINGEMENT

AMD has not infringed and does not infringe (i) directly, either literally or under the doctrine of equivalents; (ii) indirectly by contributing to infringement by others, either literally or under the doctrine of equivalents; and/or (iii) indirectly by inducing others to infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patent, willfully or otherwise.

## SECOND DEFENSE – INVALIDITY

One or more claims of the Asserted Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

## THIRD DEFENSE – EQUITABLE DOCTRINES

Redstone's claims are barred, in whole or in part, by the doctrines of exhaustion, waiver, acquiescence, estoppel, patent misuse, laches, prosecution laches, and/or unclean hands. One or more claims of the Asserted Patents are limited in whole or in part by the text of the Asserted Patents and prosecution histories of the Patents-in-Suit and related patents such that Redstone is estopped, or otherwise precluded, from asserting that the claim is infringed by AMD, literally or by equivalents. Redstone is also barred by issue preclusion from reasserting or altering its, or its predecessor-in-interest's, positions on factual and legal issues that were previously adjudicated.

## FOURTH DEFENSE – LIMITATION OF DAMAGES

Redstone's claim for damages is limited under 35 U.S.C. § 286 and § 287. Redstone is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## FIFTH DEFENSE – LACK OF MARKING

On information and belief, Redstone's claim for damages is barred to the extent Redstone or its licensees have not complied with the marking and actual notice requirements as set forth in 35 U.S.C. § 287(a).

## SIXTH DEFENSE – NO COSTS OR FEES

Redstone is precluded form recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288. Neither Defendant's actions before this lawsuit was filed nor Defendant's actions defending this case give rise to an exceptional case under 35 U.S.C. 285. Redstone's claims for relief are limited by the doctrine of full compensation, exhaustion, first sale and Redstone is not entitled to double recovery.

## SEVENTH DEFENSE – LACK OF STANDING

To the extent that Redstone was not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Complaint, Redstone lacks standing to bring one or more claims in this lawsuit.

## EIGHTH DEFENSE – ENSNAREMENT

Redstone's claims are barred in whole or in part by the doctrine of ensnarement. Redstone is foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would ensnare prior art.

## NINTH DEFENSE – LICENSE AND COVENANT NOT TO SUE

Redstone's claims for relief, in whole or in part, are precluded to the extent any of the claims of the Asserted Patents are subject to a license, prior settlement, and/or covenant not to sue, express and/or implied.

## TENTH DEFENSE – NO RIGHT TO INJUNCTIVE RELIEF

Redstone is not entitled to preliminary or permanent injunctive relief, *inter alia*, because any injury to Redstone is not immediate nor irreparable, and Redstone has an adequate monetary remedy for any claim that they can prove, subject to any applicable defense and/or set-off.

## RESERVATION OF ADDITIONAL DEFENSES

AMD reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## JURY DEMAND

AMD demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, AMD prays for judgment as follows:

a. The Complaint be dismissed in its entirety with prejudice;

b. Redstone be denied any of the relief prayed for in its Complaint or to any relief whatsoever;

c. The Asserted Patent has never been, and are not now, infringed by AMD directly or indirectly, willfully or otherwise, or by any person using AMD's products in this judicial district or anywhere in the United States;

  d. No damages or royalties are due or owing for any of the acts alleged by Redstone in its Complaint against AMD, nor is any preliminary or permanent injunction appropriate as a matter of law;

  e. Redstone is barred from enforcing or attempting to enforce patent rights against AMD; and that

  f. AMD be awarded its costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. §285 and/or 18 U.S.C. § 1927 as against Redstone, and such other further relief as the Court may deem just and proper.

Dated: June 30, 2025

Respectfully submitted,

*/s/ Jennifer Librach Nall*
Jennifer Librach Nall
Texas Bar No. 24061613
Michael Saulnier
Texas Bar No. 24131647
DLA PIPER LLP (US)
303 Colorado, Suite 3000
Austin, TX  78701
Tel: 512.457.7125
Fax: 512.457.7001
jennifer.nall@us.dlapiper.com
michael.saulnier@us.dlapiper.com

Daniel Valencia
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
Tel: 202.799.4000
Fax: 202.799.5000
daniel.valencia@us.dlapiper.com
**ATTORNEY FOR DEFENDANT
ADVANCED MICRO DEVICES, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record. Any other counsel of record will be served by first class U.S. mail.

*/s/ Jennifer Librach Nall*
Jennifer Librach Nall