UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> ADVANCED MICRO DEVICES, INC., <br><br> *Defendant.* | Case No. 7:25-CV-00182-DC-DTG <br><br> **Jury Trial Demanded** |

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

Pursuant to the Court's Order Setting Initial Pretrial Conference (Dkt. 21) and Local Rule CV-16, Plaintiff Redstone Logics LLC ("Redstone") and Defendant Advanced Micro Devices, Inc. ("AMD") submit this Rule 26 Report. The parties are also filing a proposed scheduling order along with this report.

In response to the questions presented in the Court's Order (Dkt. 21):

1. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount of controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

   a. There are no outstanding jurisdictional issues.

2. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

   a. There are no unserved parties.

3. **What are the causes of action, defenses, and counterclaims in this case?**

   a. Redstone asserts infringement of U.S. Patent No. 8,549,339 ("'339 patent") by Defendant.

1

b. As pleaded more fully in AMD's Answer to the Complaint (Dkt. 15), AMD pleaded defenses of noninfringement, invalidity, equitable doctrines, limitation of damages, lack of marking, no costs or fees, lack of standing, ensnarement, license and covenant not to sue, and no right to injunctive relief. AMD has reserved the right to plead additional defenses. AMD has not pleaded any counterclaims.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

a. The Parties have jointly filed a stipulation dismissing pre-suit indirect infringement without prejudice, with leave to permit fact discovery. Dkt. 14.

5. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

a. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?

- The parties agree disclosures should be made under the Judge Counts's OGP and according to the parties agreed scheduling order.

b. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

- Discovery is needed at least with respect to the technical development, design, manufacture, operation, and use of the Accused Instrumentalities and relevant components.

- Financial, marketing, sales, benefits, and use information related to the Accused Instrumentalities and relevant components.

2

- Defendant's knowledge of the patents and actions taken in light of that knowledge.

- Priority date, conception and reduction to practice, and diligence related to the Asserted Patent, validity and enforceability of the Asserted Patent, including, but not limited to: prior art, knowledge of persons of ordinary skill in the art.

- Plaintiff's knowledge and disclosure to the Patent Office of prior art, the prosecution of the Asserted Patent, and any secondary indicia of nonobviousness.

- Plaintiff's ownership of the Asserted Patent and standing to bring suit.

- Plaintiff's activities to license, sell, or otherwise monetize the Asserted Patent.

- The identity of any product Plaintiff contends practices the Asserted Patent, including the first use, sale, offer for sale, or importation of such product, and the commercialization of any such product.

- Plaintiff's or others' efforts to mark licensed products.

- Claim construction.

- Expert discovery.

- Prior litigation involving the Asserted Patent or related patents, including but not limited to Plaintiff's prior positions on validity, enforceability, infringement, and claim construction.

- Discovery should be conducted according to the parties' agreed scheduling order.

- Unless otherwise agreed to by the parties, the parties will abide by the discovery limits set in the Court's Order Governing Proceedings.

c. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

- The parties anticipate filing a stipulation regarding ESI.

- The parties agree that email-related ESI is unnecessary absent a showing of good cause.

d. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

- The parties agree that no privilege log is required for privileged documents created after the filing of this suit.

- The parties anticipate filing a request for the court to enter a protective order that will include a provision addressing FRE 502.

e. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?

- The parties do not request any change in the limitations on discovery at this time.

f. any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)

- The parties request the Court enter Judge Gililand's standard order regarding the procedure for submission of discovery disputes by email

6. **What, if any, discovery has been completed? What discovery remains to be done and**

**when should it be completed? Have the parties considered conducting discovery in**

**phases or agreeing to limit discovery?**

    a. Discovery has not yet commenced in this case. The parties propose conducting

       discovery according to the proposed scheduling order.

7. **What, if any discovery disputes exist?**

    a. None at this time.

8. **Have the parties discussed the desirability of filing a proposed order pursuant to**
   **Federal Rule of Evidence 502?**

    a. The parties anticipate filing a proposed Protective Order addressing FRE 502.

9. **Have the parties discussed mediation?**

    a. The parties will continue to meet and confer regarding settlement and mediation.

10. **Are there any pending motions, and if so, does either party desire a hearing?**

    a. There are no pending motions.

AGREED:

Dated: September 15, 2025

 By: */s/ Peter Tong*

Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
Joshua Scheufler
TX State Bar No. 24123406
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email : jscheufler@raklaw.com

Qi (Peter) Tong
TX Bar No. 24119042
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474
 Email: ptong@raklaw.com
*Counsel for Plaintiff Redstone Logics LLC*

Respectfully submitted,

By: */s/  Jennifer Librach Nall*

Jennifer Librach Nall
Texas Bar No. 24061613
Michael Saulnier
Texas Bar No. 24131647
DLA PIPER LLP (US)
303 Colorado, Suite 3000
Austin, TX  78701
Tel: 512.457.7125
Fax: 512.457.7001
jennifer.nall@us.dlapiper.com
michael.saulnier@us.dlapiper.com

Daniel Valencia
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
Tel: 202.799.4000
Fax: 202.799.5000
daniel.valencia@us.dlapiper.com

Chris Katsantonis (*Pro Hac Vice*)
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
Tel: 312.368.2127
Fax: 312.251.5727
chris.katsantonis@us.dlapiper.com
*Counsel for Defendant Advanced Micro Devices, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 15, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Western District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/    *Peter Tong*
Peter Tong