**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| REDSTONE LOGICS LLC, *Plaintiff*, v. ADVANCED MICRO DEVICES, INC., *Defendant*. | Case No. 7:25-CV-00182-DC-DTG |

**PARTIES' JOINT MOTION FOR ENTRY
OF PRIOR CLAIM CONSTRUCTION**

Plaintiff Redstone Logics LLC ("Plaintiff" or "Redstone") and Defendant Advanced Micro Devices, Inc. ("Defendant" or "AMD") (collectively, the "Parties") have agreed—subject to and conditioned upon the Court's leave—that additional claim construction briefing and oral argument would only be helpful to the Court for addressing a single, disputed term "the first clock signal is independent from the second clock signal" (claims 1, 21). Briefing on the two other disputed terms from the dependent claims would not be helpful to the Court or necessary in view of the record in a previous case involving the same asserted patent and disputed claim terms, U.S. Patent No. 8,549,339 (the "'339 patent"). *See Redstone Logics LLC v. Qualcomm Inc. et al.*, No. 7:24-cv-00231-ADA (the "Qualcomm Case"); Ex. 1 (Op. Br.); Ex. 2 (Resp. Br.); Ex. 3 (Reply Br.); Ex. 4 (Transcript); Ex. 5 (Preliminary Constructions); Ex. 6 (Claim Construction Order); Ex. 7 (Sur-Reply Br.). The Parties have agreed to rely upon applicable portions of the briefing, related declarations, exhibits, and attachments, preliminary constructions, hearing transcripts, and the Qualcomm Case's October 15, 2025, claim construction order and memorandum involving the '339 patent for the following disputed terms:

| Claim Term in U.S. Patent No. 8,549,339 | Court's Construction in Qualcomm Case |
|---|---|
| "located in a periphery of the multi-core processor" (claim 5) | Not indefinite. Plain-and-ordinary meaning. |
| "located in a common region that is substantially central to the first set of processor cores and the second set of processor cores" (claim 14) | Indefinite |

The Parties thus request that applicable portions of the claim construction proceedings be entered into the record of this case so that each Party may preserve its full appellate rights with respect to these disputed claim terms. The Parties have attached to this Joint Motion copies of the documents to be incorporated into this case from the Qualcomm Case to ensure they are part of the record for appeal. Specifically, the Parties attach the briefing located at ECF Nos. 27-30 and 32,

1

related declarations, exhibits, and attachments, preliminary constructions, hearing transcripts at ECF No. 34, and the Qualcomm Case's October 15, 2025, claim construction order and memorandum at ECF No. 43. For avoidance of doubt, the Parties maintain their disputes as to these terms, but rest upon the previous claim construction record as to those terms. The Parties each agree not to contend that this Joint Motion and/or entry of relevant portions of the Qualcomm Case's claim construction record constitutes a waiver, forfeiture, or lack of preservation of any right to appeal, or any argument regarding, the claim construction order ultimately entered in this case.

The Parties thus request that the Court (1) adopt the portion of the claim construction record in the Qualcomm Case (including the attached briefing, related declarations, exhibits, preliminary constructions, hearing transcripts, and the Court's October 15, 2025, claim construction order and memorandum) insofar as each relates to the disputed terms; (2) issue its claim constructions for these identified terms consistent with the constructions from the Qualcomm Case, and (3) enter the Parties' agreed-upon construction for the term "a first/second set of processor cores" (claims 1, 21). Each Party retains the right to appeal any otherwise-appealable construction entered by the Court in this action. The parties will still conduct briefing and respectfully request argument for the still disputed term "the first clock signal is independent from the second clock signal" (claims 1, 21).

In the event of any appeal, the Parties stipulate to include copies of the attached briefing, related declarations, exhibits, preliminary constructions, hearing transcripts, and the Court's October 15, 2025, claim construction order and memorandum in the appellate records as if litigated in the present case.

For the foregoing reasons, the Parties believe there is good cause for the Court to grant the Parties' Joint Motion

2

1627996723

| | |
|---|---|
| Dated: January 21, 2026 | Respectfully submitted, |
| */s/ Reza Mirzaie* | */s/ Jennifer Librach Nall* |
| Reza Mirzaie | Jennifer Librach Nall |
| CA State Bar No. 246953 | Texas Bar No. 24061613 |
| Marc A. Fenster | Michael Saulnier |
| CA State Bar No. 181067 | Texas Bar No. 24131647 |
| Neil A. Rubin | DLA PIPER LLP (US) |
| CA State Bar No. 250761 | 303 Colorado, Suite 3000 |
| Christian W. Conkle | Austin, TX 78701 |
| CA State Bar No. 306374 | Tel: 512.457.7125 |
| Jonathan Ma | Fax: 512.457.7001 |
| CA State Bar No. 312773 | jennifer.nall@us.dlapiper.com |
| Joshua Scheufler | michael.saulnier@us.dlapiper.com |
| TX State Bar No. 24123406 | |
| Russ August & Kabat | Daniel Valencia |
| 12424 Wilshire Boulevard, 12th Floor | DLA PIPER LLP (US) |
| Los Angeles, CA 90025 | 500 Eighth Street, NW |
| Telephone: 310-826-7474 | Washington, DC 20004 |
| Email: rmirzaie@raklaw.com | Tel: 202.799.4000 |
| Email: mfenster@raklaw.com | Fax: 202.799.5000 |
| Email: nrubin@raklaw.com | daniel.valencia@us.dlapiper.com |
| Email: cconkle@raklaw.com | |
| Email: jma@raklaw.com | Chris M. Katsantonis |
| Email : jscheufler@raklaw.com | DLA PIPER LLP (US) |
| | 444 West Lake Street, Ste 900 |
| Qi (Peter) Tong | Chicago, IL 60606 |
| TX SBN 24119042 | Tel: 312-368-2127 |
| Email: ptong@raklaw.com | Fax: 312-251-5727 |
| 8080 N. Central Expy., Suite 1503 | Email: chris.katsantonis@us.dlapiper.com |
| Dallas, TX 75206 | |
| Telephone: (310) 826-7474 | **ATTORNEYS FOR DEFENDANT** |
| Facsimile: (310) 826-6991 | **ADVANCED MICRO DEVICES, INC.** |
| | |
| **Attorneys for Plaintiff,** | |
| **Redstone Logics LLC** | |

1627996723

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record. Any other counsel of record will be served by first class U.S. mail.

>*/s/ Jennifer Librach Nall*
>Jennifer Librach Nall